1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE E. VALLE,

        Plaintiff,

        vs.

BECO, Inc., and GLENN E. BRADLEY,

        Defendant.

No.

**NOTICE OF REMOVAL**

Defendants Beco, Inc. ("Beco") and Glenn E. Bradley ("Bradley") hereby file this Notice of Removal pursuant to U.S. Constitution Article III, Section 2, 28 U.S.C. Sections 1332(a)(1) and 1441(a), and the concurrently-filed declaration of Matthew E. Orie, evidencing the amount in controversy exceeds the jurisdictional threshold.

**Procedural History**

    1.    This civil action was commenced in the Superior Court of Washington for Pierce County under Case Number 20-2-08055-7.

    2.    The Summons, Complaint for Personal Injuries, Case Information Cover Sheet and Order Setting Original Case Schedule were filed October 19, 2020.

**Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

3.      The Summons and Complaint for Damages was served on Bradley before filing on or about October 12, 2020 and on Beco on or about October 16, 2020.  Declaration of Matthew E. Orie, Exs. 1, 2.

4.      Beco and Bradley filed their Notice of Appearance on or about October 23, 2020.

5.      This Notice of Removal is timely as it is being filed within 30 days after service upon Bradley of a copy of plaintiff's initial pleading setting forth the claims for relief. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

## Parties

6.      In paragraph 1.1 of the complaint plaintiff Kyle E. Valle ("plaintiff") alleges that he is a resident of Pierce County, State of Washington.

7.      As alleged in paragraph 2.1 of the complaint, Beco is a North Dakota corporation with a principal place of business within North Dakota.

8.      As alleged in paragraph 2.4 of the complaint, Bradley is a resident of Umatilla County, Oregon.  Thus, there is complete diversity of citizenship.

## Venue

9.      Removal is proper to the United States District Court for the Western District of Washington at Tacoma because it is the district court for the district "embracing the place where [the state court ]action is pending" and, accordingly, is the appropriate court for removal under

**Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma**

Martens + Associates | P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

28 U.S.C. § 1441(a).

**Diversity Jurisdiction Lies**

10.    Under 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.

11.    Plaintiff's Complaint for Personal Injuries does not identify any monetary amounts but it does allege permanent injuries.  Paragraph 3.1 of the complaint alleges that on December 30, 2017, plaintiff was operating a vehicle traveling eastwardly on Interstate 82 at or near milepost 6 in Ellensburg, Kittitas County, State of Washington when his vehicle "was struck by a semitruck and trailer combination driven by [Bradley]." Paragraphs 3.12 and 3.13 continue that, as a result of the aforesaid accident, plaintiff suffered "personal injuries with resulting pain and suffering, disability, emotional distress, and loss of enjoyment of life, loss of income, and loss of earning capacity, all believed to be permanent" and "loss of income and . . . medical expenses, and other special and general damages of a nature and amount all of which shall be described with greater particularity and proven at the time of trial."   The demand for relief also seeks pre-judgment interest at the statutory rate on all items of special damages, an award of attorneys' fees and costs of suit, and other relief the Court may deem "just and equitable."

12.    On or about June 18, 2018, plaintiff's prior counsel, Daniel J. Miller, sent a letter to defendants' counsel seeking the sum of two hundred thousand dollars ($200,000.00) for resolution of all claims against defendants, noting at that time medical special damages of $20,723.50 and lost wages between $13,481.96 and $18,333.50. Orie decl., Ex. 3. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, 61 U.S.P.Q.2d 1688 (9th Cir. 2002) (Settlement demand sufficient to establish amount in controversy for diversity jurisdiction).  Describing plaintiff's loss of income as "devastating," the letter stated that the plaintiff, age 31 at the time of the

**Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma**

Page 3

Martens + Associates | P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

1  accident, was "still on pain management medication for his neck, head, upper, mid and low back"

2  and "medication for depression and high blood pressure because of the stress he is under"

3  approximately a year and eight months after the accident. Further, the letter alleged that plaintiff

4  continued to suffer from memory loss as a result of the accident.

5      13.    On or about June 26, 2020, plaintiff's current counsel, Harold D. Carr, sent a

6  letter to defendants' counsel making a "demand" without identifying a sum certain, failing to

7  repudiate prior counsel's demand, and noting medical special damages of $22,976.97 and lost

8  wages of $28,781.10, for a total of $51,758.07 in special damages. Orie decl., Ex. 4.

9      14.    In light of allegations that plaintiff suffered permanent injuries and permanent loss

10  of earning capacity at the age of thirty-one, identifies medical special damages of $51,758.07,

11  and previously made a demand of $200,000.00, although the amounts are in controversy, the

12  plaintiff is clearly seeking more than $75,000.00. *See* LCR 101(a).[1] The complaint also alleges

13  recovery of prejudgment interest and attorney's fees, Exhibit A at p.7 line 6, and while plaintiff is

14  not entitled to such fees under any theory, they also place the amount in controversy well past

15  $75,000.00.

16  **Conclusion**

17      15.    Pursuant to the above authorities, the action could have been filed directly in Federal

18  District Court, and is therefore properly adjudicated in Federal District Court after removal.

19      16.    Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b), attached hereto are true and

20  

21      [1]"If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition

22  shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court. The notice of removal shall in that event set forth the reasons which

23  cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being

24  sought."

**Defendants' Notice of Removal to U.S.**
**District Court for the Western District of**
**Washington at Tacoma**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

1    correct copies of the Complaint for Personal Injuries and the other process, pleadings, orders, and

2    papers obtained by Beco and Bradley through service or otherwise in this action, including the

3    following:

4         (A)     Complaint for Personal Injuries;

5         (B)     Summons;

6         (C)     Order Setting Civil Case Schedule;

7         (D)     Case Information Cover Sheet;

8         (E)     Beco and Bradley's Notice of Appearance; and

9         (F)     Beco and Bradley's Answer and Affirmative Defenses and Jury Demand.

10         17.     Pursuant to 28 U.S.C. § 1446(d), Beco and Bradley will promptly serve the

11    parties with this Notice of Removal, informing them that this matter has been removed to Federal

12    court.

13         18.     Also pursuant to 28 U.S.C. § 1446(d), Beco will promptly file with the

14    Clerk of the Superior Court of Washington for Pierce County, and serve on plaintiff, a Notice of

15    Removal to Federal Court.

16         19.     Pursuant to LCR 3(e), cases removed from state court will be initially assigned to

17    the Seattle Division or Tacoma Division according to the county where the action is pending.  As

18    this case is pending in Pierce County, this case will be initially assigned to Tacoma.

19         Having fulfilled the Constitutional and statutory requirements of removal, Beco and

20    Bradley respectfully remove this action from the Superior Court of Washington for Pierce

21    County to this Court.  By seeking removal, Beco and Bradley do not waive any defenses which

22    they may have.

23    //

24

**Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma**

Page 5

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

DATED THIS 30th day of October, 2020.

**Martens + Associates | P.S.**

By*/s/ Richard L. Martens*
Richard L. Martens, WSBA #4737
Attorneys for Defendants Beco, Inc. and
Glenn E. Bradley

Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma

Martens + Associates | P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 6

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, I caused to be filed with the Court and served true and correct copies of the foregoing pleading on behalf of Defendants Beco Inc. and Glenn E. Bradley, upon counsel as indicated below.

| **Counsel for Plaintiff**<br>Harold D. Carr, Esq.<br>Adam C. Cox, Esq.<br>Law Offices of Harold D. Carr, P.S.<br>10136 Bridgeport Way SW<br>Lakewood, WA 98499 | ☐<br>☐<br>☐<br>☐<br>☐<br>☑ | U.S. Mail<br>Hand Delivery (ABC Legal Messenger)<br>Facsimile<br>Overnight Delivery<br>E-mail with Recipient's Approval<br>CMF/ECF |

I declare under the penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

SIGNED THIS 30th day of October, 2020, at Seattle, Washington.

*/s/ Scott Callahan*
Scott Callahan
Senior Paralegal for
Martens + Associates | P.S.

Defendants' Notice of Removal to U.S.
District Court for the Western District of
Washington at Tacoma

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

# ATTACHMENTS

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 19 2020 2:22 PM

KEVIN STOCK
COUNTY CLERK
**NO: 20-2-08055-7**

1

2

3

4

5

6                    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

7                            **IN AND FOR THE COUNTY OF PIERCE**

8
         KYLE E. VALLE,                              No.
9
                         Plaintiff,
10                                                   COMPLAINT FOR PERSONAL
         vs.                                         INJURIES
11
         BECO, Inc., and
12       GLENN E. BRADLEY,

13                       Defendant.

14
         COMES NOW the Plaintiff, above named, by and through Plaintiff's attorneys, Harold
15
   D. Carr and Adam C. Cox, and for a cause of action against Defendants, and each of them, allege
16
   as follows:
17
                                        **I.  PLAINTIFF**
18
         1.1    At all times material hereto, Plaintiff was and is a resident of Pierce County,
19
   Washington.
20
                                       **II.  DEFENDANTS**
21
         2.1    At all times material hereto, Defendants BECO, INC., was and is a North Dakota
22
   corporation (North Dakota Secretary of State Control ID# 0000016741), with its Corporate

COMPLAINT FOR PERSONAL INJURIES- 1

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

1    Headquarters located in North Dakota, and availing itself of the privilege of traveling on

2    Washington's highways and roads.    BECO, Inc. was registered with the Washington State

3    Department of Revenue under UBI # 601238138, from January 1, 1990 through April 15, 2019.

4    At all times material hereto, Defendant BECO, INC. operated vehicles, including power unit

5    HM083661, a 2017 Mack Tractor unit, under USDOT 133969 and MC148002, and maintains a

6    publicly available website at www.beconinc.biz .

7          2.2    Upon information and belief, at all times material hereto BECO, Inc. transacts

8    business in Pierce County, Washington and King County, Washington.    At all times material

9    hereto, BECO, Inc. transacts business through contracts to deliver United States Postal Service

10   mail to hubs throughout Washington State, including in Pierce County, Washington and King

11   County, Washington.    Bruce Hoger, BECO, Inc.'s General Manager issued public statements

12   that BECO, INC.'s hub-and-relay system to delivery US Postal mail under contract with the

13   United State Postal Service regularly makes use of Pierce County and King County resources,

14   stating, "For example, we run from Denver to Seattle. We have a driver who will leave here and

15   go to Ogden, Utah. He gets out and another driver gets in and takes it to Hermiston, Oregon. He

16   gets out and another driver from Hermiston will take it to Seattle and right back out while the

17   guy from Ogden is taking his 10-hour break. It's a system that works really well."    See,

18   https://www.macktrucks.com/mack-life/blog/2019/may/beco-delivers/ as of September 30,

19   2020.

20         2.3    At all times material hereto, Defendant, GLENN E. BRADLEY, was an employee

21   acting within the scope of his employment for the remaining Defendants, who as principal, is

22   responsible for the acts and/or omissions of its' employee and/or agent, Defendant, GLENN E.

     BRADLEY, under the doctrine of respondent superior.    At all times material hereto, Defendant

COMPLAINT FOR PERSONAL INJURIES- 2

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

1   GLENN BRADLEY operated a power unit HM083661, a 2017 Mack Tractor unit, under contract

2   for and/or in the scope of his employment for BECO, INC. (USDOT 133969 and MC148002).

3       2.4     At all times material hereto, Defendant, GLENN E. BRADLEY, is a resident of

4   Umatilla County, Oregon.

## III. FACTS

6       3.1     That on or about Saturday, December 30, 2017, Plaintiff, KYLE E. VALLE, was

7   operating a vehicle at eastbound on Interstate 82 at or near milepost 6 in Ellensburg, Kittitas

8   County, State of Washington and was struck by a semitruck and trailer combination driven by

9   Defendant, GLENN E. BRADLEY.

10      3.2     Said collision occurred in Kittitas County, State of Washington and was caused by

11  the negligence of said Defendant.

12      3.3     On said date, BECO, INC., retained and exercised control over the work, safety

13  measures, systems, and activities concerning the drivers, including defendant GLENN E.

14  BRADLEY, power units, and equipment, and had the right to control the hiring, training, work,

15  supervision, monitoring, retention, and control of drivers, including defendant GLENN E.

16  BRADLEY, power units, and equipment.

17      3.4     On said date, Defendant, GLENN E. BRADLEY, was operating a vehicle owned

18  or leased by Defendant BECO, INC. and was acting in the capacity of said Defendants' employee

19  and/or agent and within the course and scope of his employment or as the agent for Defendant,

20  BECO, INC. who as principal is responsible for the acts and/or omissions of its employee and/or

21  agent GLENN E. BRADLEY, under the doctrine of respondeat superior.

22      3.5     On said date, Defendants, through common law, statute, regulation, and/or

ordinance owed plaintiffs various duties, including the duty to drive attentively, to not make

COMPLAINT FOR PERSONAL INJURIES- 3

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

1    unsafe lane changes, to keep a proper lookout for traffic, not to drive in excess of the speed limit

2    and/or too fast for conditions, and to otherwise exercise ordinary and reasonable care while

3    operating a vehicle in the State of Washington and to obey all traffic laws and rules of the road

4    pursuant to RCW Chapter 46 and comply with applicable federal motor vehicle guidelines.

5         3.6    Defendant GLENN E. BRADLEY's speed, inattention, failure to follow at a safe

6    following distance, failure to maintain proper control under the conditions, and failure to make

7    one or more safe lane changes were some of the proximate causes of the collision between the

8    2017 Mack truck driven by GLENN E. BRADLEY and the vehicle and equipment driven by

9    KYLE VALLE on December 30, 2017.  GLENN E. BRADLEY's negligence was the proximate

10   cause of the collision.

11        3.7    Defendant BECO, INC. failed to properly hire, train, monitor, retain, and/or equip

12   operators including GLENN E. BRADLEY, and/or otherwise maintain the safety of vehicles

13   and/or ensure the continued safe driving of operators under its supervision and control.

14        3.8    Based upon information and belief, BECO, INC. was negligent in the hiring,

15   retention, training, control, and supervision of GLENN E. BRADLEY, as an employee, agent, or

16   servant, and was negligent in allowing him to operate Defendant's vehicles, based, in part, on his

17   unsafe driving, habits, practices, routines, and history.

18        3.9    Said collision occurred as a result of the negligence of the negligent acts and/or

19   omissions of defendant BECO, INC., their Managers, and by Defendants' employee and/or agent,

20   GLENN E. BRADLEY, while operating said Defendants' vehicle.

21        3.10    Defendant BECO, INC., pursuant to the doctrine of agency, master, and servant

22   and respondeat superior is liable for the negligence of defendant GLENN E. BRADLEY.

COMPLAINT FOR PERSONAL INJURIES- 4

1    3.11    With respect to the subject collision of December 30, 2017, described herein,

2  plaintiff KYLE E. VALLE was not negligent, and no act or omission of KYLE E. VALLE

3  caused or contributed to the December 30, 2017, collision. No act of any plaintiff constituted a

4  proximate cause of any of plaintiff's injuries or damages alleged herein.

5    3.12    As a direct and proximate result of the negligence of Defendants as aforesaid,

6  Plaintiff KYLE E. VALLE suffered personal injuries with resulting pain and suffering, disability,

7  emotional distress, and loss of enjoyment of life, loss of income, and loss of earning capacity, all

8  believed to be permanent and which shall be described with greater particularity and proven at

9  the time of trial.

10    3.13    As a result of the collision caused by the negligence of Defendants as aforesaid,

11  Plaintiff, KYLE E. VALLE, suffered loss of income and incurred medical expenses, and other

12  special and general damages of a nature and amount all of which shall be described with greater

13  particularity and proven at the time of trial.

14    3.14    None of the individual Defendants are members of the armed forces of the United

15  States.

16    3.15    Jurisdiction is proper in Superior Court.  RCW 2.08.010.

17    3.16    Venue is proper in Pierce County as, upon information and belief Defendant

18  BECO, Inc. transacts business in both King and Pierce County, Defendants are non-residents,

19  and Plaintiff resides in Pierce County.   CR 82(a)(3); RCW 4.12.025. Alternatively, venue is

20  proper in Kittitas County Superior Court as the tort occurred in Kittitas County pursuant to RCW

21  4.12.025.  However, venue should proceed in Pierce County under CR 82, the doctrine of forum

22  non conveniens, and RCW 4.12.030(3).  Multiple anticipated witnesses reside in Pierce County,

Washington, including plaintiff (as a witness, not for the convenience of a party) and many of

COMPLAINT FOR PERSONAL INJURIES- 5

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

1  his treating healthcare providers are located within Pierce County, including: Gig Harbor Urgent

2  Care Center; Franciscan Medical Clinic (Gig Harbor, WA); providers at Gig Harbor Chiropractic

3  & Massage; Pro Sport & Spine Rehab (Gig Harbor, WA); St. Anthony Hospital (Gig Harbor,

4  WA); Mt. Rainier Neurology Clinic (University Place, WA); Center for Diagnostic Imaging

5  (Puyallup, WA); and Tacoma Radiology Associates. It is more convenient for witnesses residing

6  in Pierce County to appear and testify in Pierce County Superior Courthouse in Tacoma (14 miles

7  from Gig Harbor) as opposed to the Kittitas County Superior Courthouse in Ellensburg,

8  Washington (131 miles from Gig Harbor, Washington). See, *Baker v. Hilton*, 64 Wn.2d 964,

9  966, 395 P.2d 486 (1964).

10      3.17    Pierce County Superior Court has jurisdiction over defendants and this matter.

11  ## IV.  LIMITED PHYSICIAN/PATIENT WAIVER

12      4.1    Plaintiff hereby waives the physician-patient privilege ONLY to the extent

13  required by RCW 5.60.060, as limited by the Plaintiff's constitutional rights of privacy,

14  contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage

15  in ex parte contact between a treating physician and the patient's legal adversaries.

16

17  ///

18

19  //

20

21  /

22

COMPLAINT FOR PERSONAL INJURIES- 6

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

## V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

1. For judgment in such amount as shall be proven at the time of trial.

2. For pre-judgment interest at the statutory rate on all items of special damages.

3. For an award of attorneys fees and costs of suit incurred herein.

4. For such other and further relief as the Court may deem just and equitable.

Dated this _16th_ day of _October_____, 2020.

HAROLD D. CARR, P.S.

HAROLD D. CARR, WSBA 11767
ADAM C. COX, WSBA 35677
Attorneys for Plaintiff

COMPLAINT FOR PERSONAL INJURIES- 7

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 19 2020 2:22 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08055-7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| KYLE E. VALLE, | No. |
| Plaintiff, | |
| vs. | SUMMONS |
| BECO, Inc., and GLENN E. BRADLEY, | |
| Defendant. | |

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled Court by the plaintiff.  Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, (60 days if this Summons is served out-of-state), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what is asked for because you have not responded.

SUMMONS- 1

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

1    If you serve a Notice of Appearance on the undersigned person you are entitled to

2  notice before a default judgment may be entered.

3    You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

4  demand must be in writing and must be served upon the person signing this Summons.  Within

5  14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the

6  service on you of this Summons and Complaint will be void.

7    If you wish to seek the advice of an attorney in this matter, you should do so promptly

8  so that your written response, if any, may be served on time.

9    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules for the

10  State of Washington.

11  Dated this _____ day of October,  2020.

12

13    HAROLD D. CARR, P.S.

14    HAROLD D. CARR, WSBA 11767
      ADAM C. COX, WSBA 35677

15    Attorneys for Plaintiff

16

17

18

19

20

21

22

Harold D. Carr, P.S.
4239 Martin Way E.
Olympia WA 98513
(360) 455-0030
Fax (360) 455-0031

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 19 2020 2:22 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08055-7

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR PIERCE COUNTY

KYLE E VALLE

        Plaintiff(s)

        Vs.

BECO INC.

        Defendant(s)

No.   20-2-08055-7

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | PIN |
| Estimated Trial (days): | |
| Track Assignment: | Standard |
| Assignment Department: | 18 |
| Docket Code: | **ORSCS** |

| | |
|---|---|
| Confirmation of Service | 11/16/2020 |
| Confirmation of Joinder of Parties, Claims and Defenses | 2/15/2021 |
| Jury Demand | 2/22/2021 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 4/12/2021 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 5/10/2021 |
| Disclosure of Rebuttal Witnesses | 6/28/2021 |
| Deadline for Filing Motion to Adjust Trial Date | 7/26/2021 |
| Discovery Cutoff | 8/30/2021 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/13/2021 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 9/20/2021 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/20/2021 |
| Joint Statement of Evidence | 9/20/2021 |
| Pretrial Conference | Week of 10/4/2021 |
| Trial | 10/18/2021 9:00 |

### NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

### NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: October 19, 2020

Judge Stanley J. Rumbaugh
Department 18

linxcrt/supAdmin/orscs.rpt|design

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 19 2020 2:22 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08055-7

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
## CASE COVER SHEET / CIVIL CASE

Case Title KYLE E VALLE VS. BECO INC.

Atty/Litigant Adam Cox

Address 10136 Bridgeport Way SW

City LAKEWOOD                          State WA

Case Number  20-2-08055-7

Bar#  35677     Phone  (253) 365-6565

Zip Code  98499

Email Address

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, Please describe the cause of action below.  This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___Breach of Contract, Commercial Non-Contract
   or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
   Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
   Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
   Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
✔ Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
___Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
   (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___Compel/Confirm Bind Arbitration, Deposit of
   Surplus Funds, Interpleader, Subpoenas, Victims'
   Employment Leave, or Wireless Number Disclosure,
   Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
   Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
___Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 23 2020 2:50 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08055-7

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

9

10

KYLE E. VALLE,

11

Plaintiff,                                    No. 20-2-08055-7

12

vs.                                           NOTICE OF APPEARANCE FOR
                                              DEFENDANT DEFENDANTS BECO,
13                                            INC., AND GLENN E. BRADLEY

BECO, INC., a North Dakota Corporation; and,
14   GLENN E. BRADLEY,

15

Defendant.

16

TO:          CLERK OF THE COURT;

17

AND TO:      PLAINTIFF AND HIS COUNSEL OF RECORD:

18

PLEASE TAKE NOTICE that defendants BECO, INC., and GLENN E. BRADLEY,
19

without waiving any objections, claims or defenses as to improper service or service of process,
20

hereby enter their Notice of Appearance by and through the undersigned attorneys, Richard L.
21

Martens, Matthew E. Orie, and Jeffrey R. Gates of Martens + Associates | P.S., and request that
22

service of all papers and pleadings, except for original service of process, be made upon the
23

undersigned counsel of record at the office indicated below.
24

**Martens + Associates | P.S.**

**Notice of Appearance for Defendants Beco,**          705 Fifth Avenue South, Ste. 150
**Inc., and Glenn E. Bradley**
                                                       Seattle, Washington 98104-4436

Page 1                                  206.709.2999 / Fax: 206.709.2722

1    DATED THIS 23rd day of October, 2020.

2                                         **Martens + Associates | P.S.**

3

4                                         By/s/*Richard L. Martens*
                                          Richard L. Martens, WSBA #4737
5                                         Jeffrey R. Gates, WSBA #45422
                                          Matthew E. Orie, WSBA #55932
6                                         Attorneys for Defendants Beco, Inc., and
                                          Glenn E. Bradley
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Notice of Appearance for Defendants Beco,
Inc., and Glenn E. Bradley**

Martens + Associates | P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on this 23rd day of October, 2020, I caused to be served true and

3 correct copies of the foregoing on behalf of defendants Beco, Inc., and Glenn E. Bradley upon

4 counsel as indicated below.

5

6

| **Counsel for Plaintiff Kyle E. Valle** | | |
|---|---|---|
| Harold D. Carr, Esq. | ☐ | U.S. Mail |
| Adam C. Cox, Esq. | ☐ | Hand Delivery (ABC Legal Messenger) |
| HAROLD D. CARR, P.S. | ☑ | E-Service via the Clerk |
| 4239 Martin Way E. | ☐ | Overnight Delivery |
| Olympia, Washington 98513 | ☑ | E-mail |

7

8

9

10

11    I declare under the penalty of perjury under the laws of the State of Washington that the

12 foregoing is true and correct.

13    SIGNED THIS 23rd day of October, 2020, at Seattle, Washington.

14

15         By _____

         Matthew Morgan

16         Paralegal for Martens + Associates | P.S.

17

18

19

20

21

22

23

24

Notice of Appearance for Defendants Beco,
Inc., and Glenn E. Bradley

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

Page 3

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 30 2020 12:31 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-08055-7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

KYLE E. VALLE,

      Plaintiff,

      vs.

BECO, Inc., and GLENN E. BRADLEY,

      Defendants.

No. 20-2-08055-7

BECO, INC. and GLENN E. BRADLEY's ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW defendants BECO, INC. And GLENN E. BRADLEY (hereinafter "Beco defendants") by and through their counsel of record, Martens + Associates | P.S, and in answer to plaintiff's complaint, admits, denies, and alleges as follows:

## I. PLAINTIFF

1.1    In answer to paragraphs 1.1 of plaintiff's complaint, these answering defendants have insufficient knowledge upon which to form a belief as to the truth and veracity of the allegations contained therein and therefore deny the same putting plaintiff to his proof.

**Answer and Affirmative Defenses of Beco, Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

## II. **DEFENDANTS**

2.1      In answer to paragraph 2.1 of plaintiff's complaint, these answering defendants deny that defendant Beco, Inc. maintains a publicly available website at "www.beconinc.biz," but admit the remaining allegations contained therein.

2.2      In answer to paragraph 2.2 of plaintiff's complaint, the allegations contained therein concern legal conclusions to which no response is required instead of factual averments as required by the Civil Rules; to the extent an answer is required, these answering defendants deny the same. The allegations concerning the article containing Bruce Hoger's statement concern a writing which speaks for itself and these defendants deny the allegations to the extent they are inconsistent with said writing.

2.3      In answer to paragraph 2.3, the allegations contained therein concern legal conclusions to which no response is required under the Civil Rules; to the extent an answer is required, these answering defendants admit the allegations therein but deny that Glenn E. Bradley was negligent or at fault for the accident in any manner.

2.4      In answer to paragraph 2.4, these answering defendants admit the allegations contained therein.

## III. **ALLEGED FACTS**

3.1      In answer to paragraphs 3.1 of plaintiff's complaint, these answering defendants admit that a minor collision occurred but have insufficient knowledge upon which to form a belief as to the truth and veracity of the allegations and therefore denies the same.

3.2      In answer to paragraph 3.2 of plaintiff's complaint, these answering defendants admit that a collision occurred in Kittitas County, State of Washington, but deny that either defendant was negligent or at fault for the accident in any manner.

**Answer and Affirmative Defenses of Beco,
Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

1   3.3 - 3.10    In answer to paragraphs 3.3 through 3.10 of plaintiff's complaint, the

2   allegations contained therein concern legal conclusions to which no response is required instead

3   of factual averments under the Civil Rules; to the extent an answer is required, these answering

4   defendants deny the same putting plaintiff to his proof.

5   3.11 - 3.13    In answer to paragraphs 3.11 through 3.13 of plaintiff's complaint, these

6   answering defendants deny the allegations contained therein.

7   3.14    In answer to paragraph 3.14 of plaintiff's complaint, these answering defendants

8   admit  the allegations contained therein.

9   3.15    In answer to paragraph 3.15, the allegations contained therein concern legal

10  conclusions to which no response is required instead of factual averments as required by the Civil

11  Rules; to the extent an answer is required, these answering defendants deny the same.

12  3.16    In answer to paragraph 3.16, the allegations contained therein concern legal

13  conclusions to which no response is required instead of factual averments as required by the Civl

14  Rules; to the extent an answer is required, these answering defendants have insufficient

15  knowledge upon which to form a belief as to the truth and veracity of the allegations contained

16  therein and therefore deny the same, putting plaintiffs to their proof.

17  3.17    In answer to paragraph 3.17, the allegations contained therein concern legal

18  conclusions to which no response is required instead of factual averments under the Civil Rules;

19  to the extent an answer is required, these answering defendants deny the same.

20  **IV. LIMITED PHYSICIAN/PATIENT WAIVER**

21  4.1    In answer to paragraph 4.1 of plaintiff's complaint, these answering defendants

22  recognize that plaintiffs have attempted to limit their waiver of the physician-patient privilege,

23  but deny that the same is permissible or effective.

24

**Answer and Affirmative Defenses of Beco,
Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

Page 3

1                          **V.  PRAYER FOR RELIEF**

2        These answering defendants acknowledge that plaintiffs have submitted a prayer for relief

3 but deny that they are entitled to any relief from these answering defendants whatsoever.

4                              **AFFIRMATIVE DEFENSES**

5        By way of further answer and for affirmative defenses, these answering defendants allege

6 as follows:

7                         FIRST AFFIRMATIVE DEFENSE

8        That plaintiff has failed to allege a cause of action upon which relief can be granted in

9 whole or in part.

10                      SECOND AFFIRMATIVE DEFENSE

11        That plaintiff's damages, if any, were proximately caused by the acts or omissions of

12 plaintiff, including, but not limited to, contributory fault and/or negligence and not by any acts or

13 omissions of these answering defendants.

14                       THIRD AFFIRMATIVE DEFENSE

15        That plaintiffs may have failed to properly serve one or more of these answering

16 defendants.

17                     FOURTH AFFIRMATIVE DEFENSE

18        That the court lacks personal jurisdiction over one or more of these answering defendants.

19                       FIFTH AFFIRMATIVE DEFENSE

20        That plaintiff has failed to mitigate his damages, if any, and the same is subject to the

21 doctrine of avoidable consequences.

22                       SIXTH AFFIRMATIVE DEFENSE

23        That plaintiff's injuries, loss and damages, if any, were proximately caused by the acts or

24

Answer and Affirmative Defenses of Beco,
Inc. and Glenn E. Bradley

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

1  omissions of third parties not under the direction, supervision, or control of these answering

2  defendants and for whom these answering defendants bear no responsibility or liability

3  whatsoever.

4  SEVENTH AFFIRMATIVE DEFENSE

5  That no alleged acts or omissions of these answering defendants proximately caused any

6  damage to plaintiff; and furthermore there are or may be intervening and/or superseding causes

7  that bar some or all of plaintiff's claims.

8  EIGHTH AFFIRMATIVE DEFENSE

9  That plaintiff's damages, if any, are or may have been unavoidable from the standpoint of

10  these answering defendants.

11  NINTH AFFIRMATIVE DEFENSE

12  That plaintiff may have failed to join necessary and indispensable parties to this action

13  under the applicable court rules.

14  TENTH AFFIRMATIVE DEFENSE

15  That in the event a judgment is rendered in favor of the plaintiffs, or there is compromise

16  of this doubtful and disputed claim, these answering defendants are entitled to an offset for any

17  advance payment of funds made by any other party or non-party toward payment of plaintiffs'

18  injuries, loss and damages, if any.

19  ELEVENTH AFFIRMATIVE DEFENSE

20  These answering defendants allege and incorporates herein by this reference all

21  affirmative defenses under Washington's Civil Rules and Fed.R.Civ.P. 8(c) and 12(b) as if the

22  same had been fully set forth herein.

23  **RESERVATION OF RIGHTS**

24

**Answer and Affirmative Defenses of Beco,
Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

1      Counsel for Beco, Inc. and Glenn E. Bradley have not had an opportunity to conduct a

2  full investigation of the claims asserted by plaintiff; therefore, Beco Inc. and Glenn E. Bradley

3  reserve the right to amend their pleadings to allege additional facts and circumstances as well as

4  additional affirmative defenses, counterclaims, or third party claims, or to modify or delete any of

5  the allegations contained in this pleading based on information revealed during the discovery

6  process or at trial.

7                                    **JURY DEMAND**

8      Defendants intend to remove this matter to Federal Court.  Pursuant to Fed.R.Civ.P. Rule

9  38(b) and 81(c), Beco, Inc. and Glenn E. Bradley hereby demand a jury trial as to all issues so

10  triable.

11                           **PRAYER FOR RELIEF**

12      WHEREFORE, having fully answered plaintiff's complaint and having asserted

13  affirmative defenses thereto, Beco, Inc. and Glenn E. Bradley prays for relief as follows:

14        1.      That plaintiff's complaint be dismissed with prejudice as to these answering

15               defendants and plaintiff takes nothing thereby;

16        2.      That these answering defendants be awarded their costs and expenses herein,

17               including an award for actual and reasonable attorneys' fees against plaintiff;

18        3.      That these answering defendants be given leave to amend their pleadings to

19               conform to the evidence and/or allege additional affirmative defenses,

20               counterclaims, or third party claims based on information revealed during the

21               discovery process or at trial; and

22        4.      For such other and further relief as the court deems just and equitable.

23  //

24

**Answer and Affirmative Defenses of Beco,
Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722

Page 6

1   DATED THIS 30th day of October 2020.

2                                            **Martens + Associates | P.S.**

3

4                                            By /s/ *Richard L. Martens*
                                             Richard L. Martens, WSBA #4737
5                                            Jeffrey R. Gates, WSBA #45422
                                             Matthew E. Orie, WSBA #55932
6                                            Attorneys for Defendants Beco, Inc. and
                                             Glenn E. Bradley
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     **Answer and Affirmative Defenses of Beco,**          Martens + Associates | P.S.
     **Inc. and Glenn E. Bradley**
                                                           705 Fifth Avenue South, Ste. 150

                                                           Seattle, Washington 98104-4436

                                                           206.709.2999 / Fax: 206.709.2722

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this 30th day of October, 2020, I caused to be filed with the Court

3  and served true and correct copies of the foregoing pleading on behalf of Beco defendants, upon

4  counsel as indicated below.

5

6  | **Counsel for Plaintiffs** | | |
   | --- | --- | --- |
   | Harold D. Carr, Esq. | ☐ | U.S. Mail |
   | Adam C. Cox, Esq. | ☐ | Hand Delivery (ABC Legal Messenger) |
   | Law Offices of Harold D. Carr, P.S. | ☐ | Facsimile |
   | 10136 Bridgeport Way SW | ☐ | Overnight Delivery |
   | Lakewood, WA 98499 | ☐ | E-mail with Recipient's Approval |
   |  | ☑ | Pierce County Linx E-Filing |

7

8

9

10      I declare under the penalty of perjury under the laws of the United States and the State of

11  Washington that the foregoing is true and correct.

12      SIGNED THIS 30th day of October, 2020, at Seattle, Washington.

13

14                                          /s/ Scott Callahan

15                                          Scott Callahan
                                           Senior Paralegal for
16                                          Martens + Associates | P.S.

17

18

19

20

21

22

23

24

**Answer and Affirmative Defenses of Beco, Inc. and Glenn E. Bradley**

Martens + Associates | P.S.

705 Fifth Avenue South, Ste. 150

Seattle, Washington 98104-4436

206.709.2999 / Fax: 206.709.2722